UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW EUGENE SMITH and KEITH ALLEN POWELL, | ) ) ) |
| Plaintiffs, | ) No. 3:12-cv-00892 |
| | ) Judge Campbell |
| v. | ) ) |
| TONY CRAWFORD, *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

The plaintiffs, inmates at the Robertson County Detention Center in Springfield, Tennessee, bring this *pro se* action under 42 U.S.C. § 1983 against Captain Tony Crawford in his official capacity, Janie Russell in her official and individual capacities, and Ross Hicks. (Docket No. 1).

Because there are two plaintiffs in this matter, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999)*; In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each plaintiff is liable for half or one-hundred seventy-five dollars ($175.00) of the filing fee. Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his portion of the filing fee. *Fox v. Koskinen,* No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009)(citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

Plaintiff Smith has filed an application to proceed *in forma pauperis* (Docket No. 2) but Plaintiff Powell has neither submitted an application to proceed *in forma pauperis* nor his portion of the filing fee. Even though Smith and Powell wish to bring this lawsuit as co-plaintiffs, each

must submit a separate application to proceed *in forma pauperis* for the court's consideration, should both plaintiffs wish to proceed as paupers.

**Plaintiff Smith**

Plaintiff Smith's application to proceed *in forma pauperis* is defective for two reasons. First, he has not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2).

Second, Administrative Order No. 93 provides that a prisoner's application to proceed *in forma pauperis* must include a signature of the authorized custodian of prison accounts that has been "properly notarized by a licensed notary public of the State of Tennessee." Plaintiff Smith's application to proceed *in forma pauperis* does not include a signed statement from the custodian of accounts that has been properly notarized.

The Clerk is **DIRECTED** to make a copy of the plaintiff's application (Docket No. 2) for the court's records and return the original application to the plaintiff along with a copy of Administrative Order No. 93. The plaintiff, in turn, is directed to do one of the following within thirty (30) days of the date that he receives this order: either (1) pay his portion of the civil filing fee ($175.00); or (2) return to the district court a properly completed application to proceed *in forma pauperis* in compliance with Administrative Order No. 93 as well as a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this order, as required under 28 U.S.C. § 1915(a)(2).

**Plaintiff Powell**

Plaintiff Powell has not submitted an application to proceed *in forma pauperis* or his portion of the required civil filing fee. The Clerk is **DIRECTED** to send Plaintiff Powell a blank

2

application to proceed *in forma pauperis* and a copy of Administrative Order No. 93. Plaintiff Powell, in turn, is directed to do one of the following within thirty (30) days of the date that he receives this order: <u>either</u> (1) pay his portion of the filing fee; <u>or</u> (2) complete the application to proceed *in forma pauperis* provided in accordance with Administrative Order No. 93, and return the properly completed application to the district court with a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this order, as required under 28 U.S.C. § 1915(a)(2).

**Both Plaintiffs**

The plaintiffs are forewarned that if they do not comply with this order within the 30-day time frame specified, the court is required under the law to presume that they are not paupers, assess each plaintiff his portion of the filing fee against him anyway, and dismiss his action for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If either plaintiff's case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite subsequent payment of the filing fee, or correction of any documentary deficiency. *Id.*

An extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

*/s/ Todd Campbell*
Todd J. Campbell
United States District Judge

3